UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANA VILLAVICENCIO,

    Plaintiff,

v.

CHRIS CANNON, JOHN WALLACE,
and VILLAGE COURT MHP LLC,

    Defendants.
_____/

Case No. 1:22-cv-198

Hon. Jane M. Beckering

**REPORT AND RECOMMENDATION**

This is a civil action brought by *pro se* plaintiff Diana Villavicencio. For the reasons set forth below, this complaint should be dismissed.

Plaintiff's complaint consists of a one-page letter/complaint, in which she states, "I am filing discrimination charges against Chris Cannon and John Wallace (landlords.) and Sandy Cook of Keystone Place." Compl. (ECF No. 1, PageID.2). After plaintiff started a rent-to-own arrangement for a mobile home, she became unemployed due to a traffic accident and participated in a housing assistance program through Keystone Place. When housing assistance rental payments were late, defendants Wallace and Cannon commenced eviction. "Judge Middleton" became involved and made a ruling. Sandy Cook filed "fraudulent charges" based on the Judge's ruling and committed slander. Plaintiff has been humiliated and ridiculed, and has received harassing phone calls.

    **II.**    **Discussion**

The Court allowed plaintiff to file this action *in forma pauperis* pursuant to § 1915. *See* Order (ECF No. 5). For that reason, it must review the complaint pursuant to 28 U.S.C. §

1915(e)(2)(B), which provides that the Court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted." In determining whether a complaint should be dismissed for failure to state a claim under § 1915(e)(2), the Court applies the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678  (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004). Thus, a complaint based upon "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678.

Plaintiff's complaint does not contain sufficient factual matter to state a claim to relief that is plausible on its face. Plaintiff has not alleged any statutory basis for a federal

discrimination claim against the defendant landlords, Wallace and Cannon. Plaintiff alleged nothing against defendant Village Court MHP LLC. Plaintiff's claims appear to arise out of state law, including an eviction, allegations that Keystone Place (an entity not named in the complaint's caption) made late rent payments, and allegations that Sandy Cook (a person not named in the complaint's caption) filed fraudulent charges and engaged in slander. Plaintiff asks for no damages or other relief. Plaintiff's complaint fails to comply with the basic requirements of a complaint as set forth in Fed. R. Civ. P. 8, *i.e.*, a short and plain statement of the grounds for the court's jurisdiction and a short and plain statement of the claim showing that the pleader is entitled to relief. In short, plaintiff's complaint consists of nothing more than "the – defendant[s] - unlawfully - harmed - me accusation[s]" which are insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678. Accordingly, the complaint should be dismissed for failure to state a claim for relief.

### III.  RECOMMENDATION

For these reasons, I respectfully recommend that plaintiff's complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).


Dated:  March 8, 2022          /s/ Ray Kent
                               RAY KENT
                               U.S. Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).